UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 6:11-CR-16-GFVT-HAI-5 |
| MICHAEL HATFIELD, | ) ) | RECOMMENDED DISPOSITION |
| Defendant. | ) ) ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court, on referral (D.E. 126), considers reported violations of supervised release conditions by Defendant Michael Hatfield. This Court entered a judgment against Defendant on September 26, 2011, for aiding and abetting theft of United States Forest Service property in violation of 18 U.S.C. §§ 641 and 2. D.E. 105. Defendant was sentenced to twelve months of imprisonment followed by three years of supervised release, representing the top of the advisory imprisonment range and the statutory maximum term of supervised release. *Id.* Defendant began his supervised release term on March 2, 2012.

On August 10, 2012, the United States Probation Office (USPO) issued a Supervised Release Violation Report, and secured a warrant from the District Judge. The Report charges Defendant, in Violation #1, with violating Standard Condition #7, which provides that "[t]he defendant . . . shall not purchase, possess, use distribute, or administer any controlled substance . . . except as prescribed by a physician." The Report also charges Defendant, in Violation #2, with violating the condition of his supervision which provides that "[t]he defendant shall not commit another federal, state, or local crime." Specifically, the Report states that, on July 26,

2012, a urine specimen provided by Defendant tested positively for the presence of buprenorphine (Suboxone) via instant testing device. When confronted by the USPO, Defendant initially stated that he used Suboxone "once, a long time ago," but later admitted to using a partial "strip" of Suboxone a couple of weeks prior to the testing date. According to the Report, Defendant finally acknowledged that he used Suboxone approximately one and one-half weeks prior to his drug test. The Report notes that Defendant indicated he obtained the drug from his cousin and that he did not know the substance was a narcotic. Defendant signed an Admission Form acknowledging his use of Suboxone. The Report reasons that, as buprenorphine (the active ingredient in Suboxone) is a Schedule III Controlled Substance and Defendant has a prior drug conviction, pursuant to Sixth Circuit case law holding that the use of a controlled substance is the equivalent of possessing the controlled substance, possession of Suboxone constitutes a violation of 21 U.S.C. § 844(a), a Class E Felony.

Finally, the Report charges Defendant, in Violation #3, with violating Standard Condition #2, which provides that "[t]he defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month." The Report states that U.S. Probation Officer Scott Greiwe attempted to contact Defendant at his reported telephone number on two occasions on July 30, 2012—first at approximately 5:17 p.m. and then at approximately 5:42 p.m. On both occasions, the Report states, Officer Greiwe left a voice message directing Defendant to contact him upon receipt of the message. According to the Report, Officer Greiwe left another voice message at approximately 11:37 a.m. on July 31, 2012, directing Defendant to contact him upon receipt of the message. On August 2, 2012, after receiving no response from Defendant, Officer Greiwe attempted to contact Defendant at his residence. The Report indicates that no one answered the door, and a door hanger left on the

door knob by Officer Greiwe directed Defendant to report to the USPO the following morning at 9:00 a.m. According to the Report, Defendant did not report as directed, and had not contacted the USPO as of the date of the Report.

The Court conducted an initial appearance pursuant to Rule 32.1 on August 22, 2012, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. D.E. 124. At the initial appearance, the United States made an oral motion for interim detention, and Defendant did not object. *Id.* The Court found that detention was appropriate as Defendant did not carry the heavy release burden imposed upon him under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). *Id.*

The final hearing in this matter, initially scheduled for August 30, 2012, was continued several times. On August 31, 2012, the matter was called for a final hearing after having been continued from August 30. D.E. 128. However, the Court granted the United States's motion to again continue the final hearing, and set a status conference for September 17, 2012. *Id.* Defendant was released pending the final hearing subject to the existing terms of supervised release, with the additional condition that he report for weekly drug testing as directed by the USPO. *Id.* At the September 17, 2012 status conference, the Court set a final hearing for October 15, 2012. D.E. 130. On October 15, the final hearing was again continued upon the joint motion of the United States and Defendant, and was rescheduled for November 16, 2012. D.E. 132. Defendant continued to be released subject to the conditions as described on August 31, 2012. *Id.*

At the final hearing on November 16, 2012, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 135. Defendant competently entered a knowing, voluntary, and intelligent stipulation to the charged violations. *Id.* Further, for purposes of Rule

3

32.1 proceedings, Defendant admitted the factual basis for the violations, as described in the Report. *Id.* In the Supervised Release context, the Sixth Circuit treats controlled substance use as equivalent to possession. *See United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000). The United States thus established Violations #1-3 under the standard of § 3583(e).

At the final hearing, the United States recommended revocation and imprisonment for one day, with the maximum term of supervision—35 months and 29 days—to follow. Defendant joined in the United States's recommendation. However, the parties' recommendation is not binding on the Court.

The Court has evaluated the entire record, including the recent Supervised Release Violation Report and accompanying documents, and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all of the § 3553 factors imported into the § 3583(e) analysis. Under § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant's § 641 conviction was for a Class C felony. *See* 18 U.S.C. § 641; 18 U.S.C. § 3559. For a Class C felony, the maximum revocation sentence provided under § 3583 is two years of imprisonment. *See* 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x. 436, 438-39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under § 7B1.1, Defendant's admitted conduct would qualify as Grade C violations with respect

4

to Violations #1 and #3 and a Grade B violation with respect to Violation #2. Given Defendant's criminal history category of IV (the category at the time of the conviction in this District) and a Grade B violation, *see* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."), Defendant's range, under the Revocation Table of Chapter 7, is 12-18 months. Notably, the bottom of the range equals Defendant's original term of imprisonment imposed by the Court's Judgment.

Congress does ***mandate*** revocation in a case of this nature. By statute, the Court must revoke Defendant's release because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also Crace*, 207 F.3d at 836 (equating use with possession). The Sixth Circuit clearly and repeatedly has equated drug use with drug possession, and Defendant's admitted use in this context undoubtedly results in application of § 3583(g)(1). *See United States v. Metcalf*, 292 F. App'x 447, 450 n.2 (6th Cir. 2008) ("Mandatory revocation was . . . warranted under § 3583(g)(1), as we have held that use of a controlled substance constitutes possession under that subsection."). The only exception would be if a suitable treatment option, or Defendant's record of involvement in treatment, warranted relief. *See* 18 U.S.C. § 3583(d); *Crace*, 207 F.3d at 835 (holding district court "required by 18 U.S.C. § 3583(g) to revoke the defendant's term of supervised release upon the defendant's positive drug test and admission of the use of a controlled substance unless defendant could come under the exception in 18 U.S.C. § 3583(d)"). Defendant did not seek, nor does the record support, application of this exception.

The Court has considered all of the § 3553 factors imported into the § 3583(e) analysis, and finds that imprisonment of one day is appropriate based upon those factors, the

5

circumstances discussed by counsel during the sealed discussions throughout this matter, and the parties' joint recommendation.  The Guidelines suggest that the ***primary*** wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue.  *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.").

For the reasons stated in the sealed discussions during the final revocation hearing, and considering Defendant's compliant conduct since he was released on August 31, 2012, the Court finds that revocation and imprisonment for a period of one day is appropriate.  The Court relies heavily upon those sealed discussions, which are certainly available to the presiding District Judge if he intends to review them.  However, the Court cannot stress enough how important it is for Defendant to take advantage of the break he has been given.  The Court is placing an enormous amount of trust in Defendant, and from this point on, it is up to Defendant to pay that trust back.  As explained at the hearing, it is exceedingly rare for the Court to impose such a lenient sentence given Defendant's criminal history and the instant violations.  However, the Court is encouraged that, since Defendant was released on August 31, he has been drug tested weekly and has passed every test.  The Court is also pleased to hear that Defendant has gained custody of his fifteen-year-old son.  In return for the Court's leniency, the Court expects a lot from Defendant.  The Court is giving Defendant a chance to turn his life around and to continue making positive decisions, as he has in the last three months.  The Court is hopeful that the incentives created by gaining custody of his son will keep Defendant on the right path.  Future violations will be dealt with harshly.

The imposition of a one-day term of imprisonment also allows the Court to impose a lengthy term of supervision to follow, which the Court hopes will provide Defendant with the structure and incentives necessary to get his life on track. A court may reimpose supervised release, following revocation, for a maximum period that usually subtracts any term of imprisonment actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). The general supervision-term limits of § 3583(b) apply "[e]xcept as otherwise provided." *See id.* § 3583(b). Here, the maximum term of supervised release would be three years, *see* 18 U.S.C. § 3583(b)(2) (providing for a maximum term for supervised release of three years for the underlying offense), less any revocation term imposed, *see* 18 U.S.C. § 3583(h). Based upon the factors described above, the Court finds that the maximum term of supervised release of 35 months and 29 days following the term of imprisonment is warranted. The undersigned also recommends to the District Judge that Defendant continue weekly drug testing for the first six months of his supervised released. In addition, the undersigned recommends that Defendant complete outpatient drug treatment. Defendant previously admitted to having a problem with prescription opiates, and his recent use of Suboxone is troubling. The Court is hopeful that Defendant's drug problem is not as bad as it once was, and that treatment will help him put substance abuse behind him for good.

**One matter not specifically addressed during the hearing is the need for Defendant to take all reasonable steps available to him to become employed. Defendant's conditions already include that he maintain employment (D.E. 105, Standard Condition #5). The Court emphasizes the importance of attempting to obtain employment because continued**

**unemployment creates instability and a risk of theft, particularly given Defendant's many previous theft-related convictions.**

The Court cannot emphasize enough that this is Defendant's last chance. Any future violations will likely result in a sentence at the statutory maximum. Defendant still has the ability and opportunity to change the course of his life. Part of that appropriate course must include strict compliance with *all* conditions of supervised release in the future.

The Court **RECOMMENDS**, based on the violations found:

1. Revocation and imprisonment for a term of one day.
2. An additional supervised release term of 35 months and 29 days. While on supervised release, the Court recommends that Defendant be subject to the conditions imposed by the Court's judgment dated September 26, 2011. In addition, the Court recommends that Defendant be subject to the following additional conditions:

    (1) Defendant shall submit to weekly drug testing at the USPO in London, Kentucky, for the first six months of his supervised release; and

    (2) Defendant shall complete outpatient drug treatment and counseling at the direction of the USPO.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended

decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 3rd day of December, 2012.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge